IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. Black, | Case No. 3:09 CV 1997 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Before the Court is Plaintiff John Black's ("Black") Motion to Alter or Amend the Court's December 10, 2010 Judgment (Doc. No. 21). This Court entered judgment with a Memorandum Opinion and Order on December 10, 2010 (Doc. No. 19) ("December Opinion"), dismissing Black's Complaint and affirming the final decision of the Commissioner denying disability insurance ("DIB") and supplemental social security income ("SSI") benefits.

Black asks this Court to amend or alter the December 2010 Judgment, claiming clear errors of law (Doc. No. 22 at 1). Specifically, Black argues the Court erred in its consideration of (1) the ALJ's review of Dr. Wuebker's opinion, and (2) Dr. Wuebker's opinion of Black's "moderate" limitations. For the reasons that follow, Black's Motion is denied.

**DISCUSSION**

**Consideration of Dr. Wuebker's Opinion**

Black first argues this Court made a clear error of law when it held that an ALJ must evaluate non-examining doctors' opinions but not an examining doctor's opinion, and that an ALJ must evaluate both kinds of opinions (Doc. No 22 at 2).

The Court shall clarify its explanation of the ALJ's consideration of Dr. Wuebker's opinion. In the December Opinion, this Court discussed whether an ALJ must evaluate an examining doctor's opinion, stating that the ALJ may consider the opinion of the examining psychologist in making a final determination of a claimant's mental residual functional limitations (Doc. No. 19 at 7–8). However, that discussion was confined to the context of the creation, and subsequent ALJ review, of Black's residual functional capacity ("RFC") as determined in Section III of the Mental Residual Functional Capacity Assessment ("MRFCA") form.

The process of generating the MRFCA form was correctly described in the Magistrate's R&R (Doc. No. 15 at 6–8). Section III is the operative section for the ALJ's determination of a claimant's RFC and "the ALJ relies on the findings in Section III." *Berry v. Astrue*, 2009 WL 50072, at *16 (W.D. Va. 2009). "It is the narrative written by the psychiatrist or psychologist in section III ("Functional Capacity Assessment") of form SSA-4734-F4-SUP that adjudicators are to use as the assessment of [residual functional capacity]." Program Operation Manual System ("POMS") Section DI 25020.010. Responding to Black's contentions that Dr. Wuebker's opinion was not properly considered by the ALJ in reviewing Black's RFC, this Court notes that the ALJ was specifically following the process envisioned by the MRFCA by reviewing Section III, written by Drs. Haskins and Johnston, which incorporated Dr. Wuebker's report (Doc. No. 19 at 6).

Black's arguments misconstrue the Court's statements in the December Opinion, particularly in attempting to characterize the December Opinion as giving an ALJ "absolute discretion whether to evaluate an examiner's opinions" (Doc. No. 22 at 5). First, Dr. Wuebker was not Black's treating doctor so Black's cited arguments requiring an ALJ to assign certain weight to a treating source's opinion are moot (Doc. No. 22 at 2–3). Second, Black points to the general language from 8 C.F.R. § 404.1527(d) and Social Security Ruling 96-5p that requires an ALJ to evaluate all of a claimant's medical opinions.

While these general propositions are correct, Black fails to note the important distinction that Dr. Wuebker's opinion was obtained and utilized for the purpose of generating the MRFCA. This Court's explanation and citation to *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514–15 (6th Cir. 2010) that the ALJ may, but is not required to consider, a non-treating doctor's opinion when considering the MRFCA, was directed to a single aspect of the ALJ's analysis -- reviewing Section III of the MRFCA. *See* POMS DI 24510.060B. The purpose of the MRFCA form is so the ALJ does not need to piece together all of the medical opinions to make an initial determination on residual functional capacity, but instead may rely on the opinion in Section III. *Berry*, 2009 WL 50072, at *16 ("[T]he ALJ relies on the findings in Section III"). The ALJ can then review the RFC in light of the other evidence received.

If the ALJ were instead required to review both the MRFCA and all medical opinions that went into the MRFCA determination to make a *sui generis* RFC determination, this Court would, in effect, be requiring the ALJ to perform double work by making his or her own RFC determination and reviewing the RFC determination in the MRFCA. In this case, Dr. Wuebker's opinion was considered as an input into the MRFCA in making the Section III RFC determination. Requiring the ALJ to then

3

independently analyze Dr. Wuebker's opinion would essentially require the ALJ to account for Dr. Wuebker's opinion twice, potentially at the expense of disregarding Section III of the MRFCA where the actual RFC is recorded. POMS DI 24510.060.

In any event, despite Black's argument that this Court incorrectly stated that the ALJ was not required to evaluate the opinion of Dr. Wuebker as an examining doctor, the ALJ did in fact consider Dr. Wuebker's opinion, making Black's argument moot. Finding that Black's RFC enables him to perform simple, routine work that does not involve a fast pace, the ALJ stated: "This is consistent with the State Agency medical opinion of record [MRFCA], **with Dr. Wuebker's opinion**, . . . and with the objective medical evidence of record." (Doc. No. 10 at 43) (emphasis added and spelling corrected). Furthermore, if substantial evidence supports the Commissioner's decision, this Court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 644 (6th Cir. 2006) (quoting *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)). Notwithstanding the use of Dr. Wuebker's opinion, substantial objective medical evidence supported the ALJ's determination of Black's RFC.

### Black's "Moderate" Limitation

Black's second argument takes issue with this Court's review of the ALJ's RFC determination that Black could perform "simple, routine work that does not involve a fast pace" in light of Dr. Wuebker's opinion that Black was "moderately impaired" (Doc. No. 22 at 7–9).

Without attempting to further parse any fine distinctions between the ALJ's "simple, routine work that does not involve a fast pace" RFC limitation, and Dr. Weubker's RFC opinion that Black's "ability to maintain attention, concentration, persistence, and pace to perform simple repetitive tasks

4

in a work milieu is moderately impaired . . . " (Doc. No. 10 at 405), this Court must defer to the ALJ if the ALJ's decision was supported by substantial evidence. As noted above, the ALJ supported her RFC determination by citing to the MRFCA, Dr. Wuebker's opinion, objective medical evidence in the record, and Black's lack of inpatient hospitalization for psychiatric reasons (Doc. No. 10 at 43). This Court, after reviewing the record, agrees with the ALJ and finds that the ALJ's determination was supported by substantial evidence.

While the ALJ does state that there is no medical opinion of record to support a more restrictive assessment of Black's RFC, something Black continues to dispute in light of Dr. Wuebker's opinion, it is unclear how this Court, under a deferential standard, can more accurately define what does and does not fall within a moderate limitation. *Compare* ALJ's RFC limitation of "simple, routine work that does not involve a fast pace," *with* Dr. Weubker's opinion of Black's "ability . . . perform simple repetitive tasks in a work milieu is moderately impaired." Accordingly, Black's second argument is not well taken.

## CONCLUSION

For the reasons stated above, Black's Motion is denied.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

                                            February 22, 2011